# United States Court of Appeals for the Federal Circuit

2009-1179


OUTER CIRCLE PRODUCTS,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.


Robert B. Silverman, Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt LLP, of New York, New York, argued for plaintiff-appellant. With him on the brief were Curtis W. Knauss and Robert F. Seely.

Marcella Powell, Trial Attorney, International Trade Field Office, Civil Division, United States Department of Justice, of New York, New York, argued for defendant-appellee. With him on the brief were Tony West, Assistant Attorney General, and Jeanne E. Davidson, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC.

Appealed from: United States Court of International Trade

Senior Judge Nicholas Tsoucalas

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

2009-1179

OUTER CIRCLE PRODUCTS,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of International Trade in case no. 05-00678, Senior Judge Nicholas Tsoucalas.

_____

DECIDED: January 5, 2010

_____

Before NEWMAN, MAYER, and MOORE, Circuit Judges.

MAYER, Circuit Judge.

Outer Circle Products ("Outer Circle") appeals the judgment of the United States Court of International Trade rendered on cross motions for summary judgment in which the court classified Outer Circle's bottle and jug wraps under subheading 4202.92.90 of the Harmonized Tariff Schedule of the United States ("HTSUS"). We reverse.

## BACKGROUND

The subject articles are soft-sided, flexible wraps constructed of a PVC closed-cell thermal-insulating foam layer. The interior surface is covered with either a fabric or vinyl sheet, and the exterior surface is covered with a vinyl sheet. These wraps are cut

and sewn into the shape of three sizes of plastic containers: a 1-liter bottle, a 0.5-gallon jug, and a 2-gallon jug. A zipper on the wraps enables a bottle or jug to be easily inserted and removed.

In June of 1997, Outer Circle imported the subject articles through the port of Chicago, Illinois. After importation and prior to resale, the importer inserted a plastic bottle or jug into each wrap.

Upon liquidation, the articles were classified by the United States Bureau of Customs and Border Protection ("Customs") under HTSUS subheading 4202.92.90 and assessed the schedule duty rate of 19.3% ad valorem. Outer Circle protested this classification and asserted that Customs should have classified them under HTSUS subheading 3924.10.50, which prescribes a duty rate of 3.4% ad valorem. Customs denied the protest, and Outer Circle timely filed a summons with the Court of International Trade.

The court held that the articles fell under the exemplar term "bottle cases" of HTSUS heading 4202. Outer Circle Prods. v. United States, 602 F. Supp. 2d 1294, 1309 (Ct. Int'l Trade 2009). Outer Circle appeals, and we have jurisdiction under 28 U.S.C. § 1295(a)(5).

DISCUSSION

We review the Court of International Trade's grant of summary judgment concerning tariff classifications de novo. Cummins Inc. v. United States, 454 F.3d 1361, 1363 (Fed. Cir. 2006). A classification decision involves two underlying steps: determining the proper meaning of the tariff provisions, which is a question of law; and then determining which heading the disputed goods fall within, which is a question of

fact. Universal Elecs. v. United States, 112 F.3d 488, 491 (Fed. Cir. 1997) (citing Intel Sing., Ltd. v. United States, 83 F.3d 1416, 1417-18 (Fed. Cir. 1996)). In reviewing classifications, we accord deference to a Customs classification ruling in proportion to its "power to persuade" under the principles of Skidmore v. Swift & Co., 323 U.S. 134 (1944). See United States v. Mead Corp., 533 U.S. 218, 234-35 (2001); Mead Corp. v. United States, 283 F.3d 1342, 1345-46 (Fed. Cir. 2002) (citations omitted).

The relevant portions of HTSUS heading 4202 are:

4202  Trunks, suitcases, vanity cases, attache cases, briefcases, school satchels, spectacle cases, binocular cases, camera cases, musical instrument cases, gun cases, holsters and similar containers; traveling bags, toiletry bags, knapsacks and backpacks, handbags, shopping bags, wallets, purses, map cases, cigarette cases, tobacco pouches, tool bags, sports bags, bottle cases, jewelry boxes, powder cases, cutlery cases and similar containers, of leather or of composition leather, of sheeting of plastics, of textile materials, of vulcanized fiber or of paperboard, or wholly or mainly covered with such materials or with paper:

   Other:

4202.92  With outer surface of sheeting of plastic or of textile materials:

4202.92.90  Other     19.3%

The relevant portions of HTSUS heading 3924 are:

3924  Tableware, kitchenware, other household articles and toilet articles, of plastics:

3924.10  Tableware and kitchenware:

3924.10.50  Other     3.4%

We have previously addressed the proper meaning of HTSUS heading 4202 in SGI, Inc. v. United States, 122 F.3d 1468 (Fed. Cir. 1997), which relied on Sports Graphics v. United States, 24 F.3d 1390 (Fed. Cir. 1994), to determine the meaning of

this heading. Specifically, HTSUS heading 4202 does "not include containers that organize, store, protect, or carry food or beverages." SGI, 122 F.3d at 1472.

The Court of International Trade attempts to distinguish SGI on the ground that the ejusdem generis analysis in SGI is ill-suited to this case because the term "bottle cases" is an eo nomine provision under HTSUS heading 4202. SGI, however, explicitly analyzed the eo nomine exemplars and found that "none of the exemplars under subheading 4202.92.90 involves containment of any food or beverage." 122 F.3d at 1472. SGI is controlling in this case. Therefore, the determination of whether the subject articles come within the description of a tariff provision, as previously interpreted by this court, is an issue of fact.

We agree with the court that our "focus must be on 'whether food or beverage is involved.'" Outer Circle, 602 F. Supp. 2d at 1304 (citing SGI, 122 F.3d at 1472). The court erred, however, by finding that the subject articles are not containers that organize, store, protect, or carry food or beverage. While it is true that the classification of soft-sided cooler bags in SGI is not stare decisis to the classification of the articles in this case, we see no factual distinction between the coolers in SGI and these articles.

The Court of International Trade sought to distinguish the coolers in SGI as being fully capable of storing food and/or beverage without further compilation, whereas the articles here require the insertion of a bottle or jug to achieve this capability. This distinction strains logic, and is unsupported by record evidence. The containers in SGI, like the articles here, were not designed to hold uncontained food or beverage. This is true even without the bottle or jug being inserted into the wraps, that is, at the time of importation. Therefore, the court's determination that the utility of the bottle wraps "as

insulated beverage containers arises only after the containers are mated to the requisite bottle or jug" is incorrect. <u>Outer Circle</u>, 602 F. Supp. 2d at 1308.

Because the subject articles "organize, store, protect, or carry food or beverages," they cannot be classified under HTSUS heading 4202. Rather, like the coolers in <u>SGI</u>, the proper classification is HTSUS subheading 3924.10.50.

<u>CONCLUSION</u>

Accordingly, the judgment of the Court of International Trade is reversed.

<u>REVERSED</u>